IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Broadcast Music, Inc.; House of Cash, Inc.; Elijah Blue Music, a Division of Lighthouse, Inc.; Unichappel Music, Inc.; Fourteenth Hour Music, Inc.; Springtime Music, Inc.; Bocephus Music, Inc.; Rich Way Music, Inc.; Warner-Tamerlane Publishing Corp.; Buzzard Rock Music; and Songs of Universal, Inc.,<br><br>      Plaintiffs,<br><br>v.<br><br>Main Street Bar & Grill, Inc. d/b/a Main Street Bar & Grill; and George D. Albers,<br><br>      Defendants. | C/A: 2:13-706-CWH-BHH<br><br>**REPORT AND RECOMMENDATION** |

  Plaintiffs filed the Complaint (ECF No. 1) in this case, alleging claims of copyright infringement against Defendants, on March 15, 2013, and a summons (ECF No. 2) was issued by this Court on that same date. On May 1, 2013, Plaintiffs filed proofs of service (ECF Nos. 5 & 6) for Defendants, attesting that both Defendants were personally served with the summons and Complaint, on April 22, 2013. On July 2, 2013, Plaintiffs' counsel, Bernie W. Ellis, submitted a letter addressed to him, dated May 9, 2013, entitled "Answer to Civic [sic] Action No. 2:13-cv-706-CWH," which was docketed on that date as Defendants' Answer to the Plaintiffs' Complaint (Answer, ECF No. 7). The letter states: "Main Street Bar & Grill does not play music. The bands play the music. If anyone is responsible it should be the bands. Also, we do not spin music. Therefore, we do not feel responsible for any copyright infringements." Id. The letter was signed by a person whose

last name is illegible, but who appears to have submitted it, acting in the capacity of Secretary of Main Street Bar & Grill, Inc. Id.

On July 9, 2013, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this case was referred to the undersigned United States Magistrate Judge, who is authorized to review all pre-trial proceedings involving litigation by parties proceeding pro se and to submit findings and recommendations to the assigned United States District Judge. By Order dated July 9, 2013 (ECF No. 13), the undersigned found that, to the extent that Defendants Main Street Bar & Grill, Inc. d/b/a Main Street Bar & Grill and George D. Albers intended the letter of May 1, 2013 to constitute an Answer to Plaintiffs' Complaint, the letter is not a proper Answer because it does not comply with Rules 10 and 11 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

The Order of July 9, 2013 (ECF No. 13) gave Defendants twenty-one (21) days from the date of the entry of the Order, plus three (3) days for mail time, to serve their Answers on Plaintiffs' counsel, pursuant to Fed. R. Civ. P. 12(a)(1)(A). Defendant Albers, individually, was permitted to proceed pro se in this case and represent himself, pursuant to 28 U.S.C. § 1654, which allows individuals to "plead and conduct their own cases personally." However, because § 1654 does not extend the right to non-lawyers to represent other parties, Defendant Albers, who does not appear to be an attorney, was informed that he could not act as legal counsel for Defendant Main Street Bar & Grill, Inc. d/b/a Main Street Bar & Grill. Defendant Main Street Bar & Grill, Inc. d/b/a Main Street Bar & Grill, was informed that it may only proceed in this case through a licensed attorney who is admitted to practice in the District of South Carolina.

The Order of July 9, 2013 (ECF No. 13) specifically warned Defendant Main Street Bar & Grill, Inc. d/b/a Main Street Bar & Grill that, if it failed to retain licensed counsel to file an entry of appearance and submit a responsive pleading within twenty-one (21) days of the date the Order was entered, plus three (3) days for mail time, then the purported Answer, ECF No. 7, which was filed, pro se, on behalf of Defendant Main Street Bar & Grill, Inc. d/b/a Main Street Bar & Grill, would be stricken by the Court.

The Order of July 9, 2013 (ECF No. 13) specifically warned Defendant Albers, that if he failed to file his signed, completed Pro se Party's Answers to Rule 26.01 Interrogatories and to file a proper Answer or other response to the Plaintiffs' Complaint, within twenty-one (21) days of the date the entry of the Order, plus three (3) days for mail time, then the purported Answer, ECF No. 7, which was filed, pro se, on behalf of Defendant Albers, would be stricken by the Court.

Defendants failed to comply with the Order of July 9, 2013 (ECF No. 13) within the time frame specified by the Order. On August 15, 2013, the Clerk of Court was directed to re-mail a copy of the Order to Defendant Albers at the address shown on the affidavit of proof of service of the Plaintiff's Complaint. See ECF No. 17. More than 150 days have passed since Defendants were served with the summons and Complaint in this case. Fifty-two (52) days have passed since the deadline established by the Order of July 9, 2013 (ECF No. 13) expired. Defendant Main Street Bar & Grill, Inc. d/b/a Main Street Bar & Grill has failed to retain counsel to file an appearance and an Answer to the Complaint. Defendant Albers has failed to file an Answer to the Complaint and Answers to Rule 26.01 Interrogatories. The Court has not granted an extension of time to answer and the

maximum time which may be granted without the Court's approval is twenty-one (21) days. See Local Civil Rule 12.01 (D.S.C.).

On September 25, 2013, Plaintiffs' counsel, Bernie W. Ellis, filed an Affidavit of Default and Non-Military Service (ECF No. 20), attesting that Defendants have not complied with the Court's Order of July 9, 2012 by serving Answers on Plaintiffs within the time permitted by the Order, and that Defendants are now in default. Plaintiffs' counsel attests that, upon information and belief, Defendants are not in the Military Service of the United States as contemplated by the Soldiers and Sailors Civil Relief Act. Plaintiffs request that this Court enter default against Defendants Main Street Bar & Grill, Inc. d/b/a Main Street Bar & Grill and Albers. Id.

**RECOMMENDATION**

Based on the foregoing, Defendants' purported Answer (ECF No. 7) should be stricken, as a consequence of Defendants' failure to comply with the Court's Order of July 9, 2013 (ECF No. 13), and the Clerk of Court should be directed to enter Defendants' default.

It is further recommended that Plaintiffs advise the Court as to what is necessary for the resolution of Plaintiffs' six claims of willful copyright infringement against Defendants. Plaintiffs should address: (1) whether Plaintiffs continue to seek injunctive relief, pursuant to 17 U.S.C. § 502, as requested in their Complaint; (2) the amount of statutory damages claimed, pursuant to 17 U.S.C. § 504(c); and (3) the amount of costs and attorneys fees sought, pursuant to 17 U.S.C. § 505. Because the damages do not appear to be liquidated, entry of judgment based on Defendants' default will require further proceedings. Therefore, Plaintiffs should be directed to file an appropriate motion, within twenty-one (21)

days of the entry of the District Court's Order ruling on this Report, if Plaintiffs intend to seek entry of judgment against Defendants.

The parties' attention is directed to the important notice on the next page.

September 30, 2013  s/Bruce Howe Hendricks
Charleston, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).