IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Broadcast Music, Inc.; House of Cash, Inc.; Elijah Blue Music, a Division of Lighthouse, Inc.; Unichappel Music, Inc.; Fourteenth Hour Music Inc.; Springtime Music, Inc.; Bocephus Music, Inc.; Rich Way Music, Inc.; Warner-Tamerlane Publishing Corp.; Buzzard Rock Music; Songs of Universal, Inc., <br><br>　　　　　　　Plaintiffs, <br><br>　　vs. <br><br>Main Street Bar & Grill, Inc. d/b/a Main Street Bar and Grill and George D. Albers, individually, <br><br>　　　　　　　Defendants. | Civil Action No. 2:13-00706-CWH <br><br> **ORDER** |

This case comes before the Court on the report and recommendation ("R&R") filed by Magistrate Judge Bruce Howe Hendricks on September 30, 2013. (ECF No. 23). The above-captioned plaintiffs filed a complaint against the defendants, Main Street Bar & Grill, Inc. d/b/a Main Street Bar and Grill ("Main Street") and George D. Albers ("Albers"), individually, alleging copyright infringement in connection with the music played at Main Street. After each defendant was personally served with the summons and complaint (ECF Nos. 5 & 6), the defendants mailed a letter, entitled "Answer to Civic [sic] Action No. 2:13-cv-706-CWH," to plaintiffs' counsel, and this letter was docketed as the defendants' answer. (ECF No. 7). The letter was written by a person who designated himself as "SECRETARY," but the name was not legible. As it appeared that the parties were proceeding pro se, the matter was referred to a United States Magistrate Judge for pre-trial



proceedings and a report and recommendation ("R&R") pursuant to 28 U.S.C. §§ 636(b)(1)(A) & (B) and Local Civil Rule 73.02(B)(2)(e), D.S.C.  The magistrate judge issued an order on July 9, 2013 (ECF No. 13), that informed Main Street and Albers that the letter was not a proper answer because it was not in compliance with Rules 10 and 11 of the Federal Rules of Civil Procedure.  The magistrate judge's July 9, 2013 order gave Main Street and Albers twenty-one (21) days from that date, plus three (3) days for mail time, to serve their answers on the plaintiffs' counsel, pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure.  The magistrate judge permitted Albers, individually, to proceed pro se in the case and represent himself, pursuant to 28 U.S.C. § 1654, but because § 1654 does not extend the right to non-lawyers to represent other parties, Albers was informed that he could not act as legal counsel for Main Street, and Main Street was informed that it could only proceed in this case through a licensed attorney who was admitted to practice in the District of South Carolina.  In addition, the magistrate judge's July 9, 2013 order specifically warned Albers that if he failed to file his signed, completed Pro se Party's Answers to Rule 26.01 Interrogatories (which were enclosed with the order) and a proper answer or other response to the plaintiffs' complaint within twenty-one (21) days of the date the order was entered, plus three (3) days for mail time, then his purported answer (ECF No. 7), which had been filed pro se on his behalf, would be stricken by the Court.  The magistrate judge's July 9, 2013 order gave a similar warning to Main Street – stating that if it failed to retain licensed counsel to file an entry of appearance and submit a responsive pleading within twenty-one (21) days of the date the order was entered, plus three (3) days for mail time, then the purported answer (ECF No. 7), which had been filed pro se on its behalf, would be stricken by the Court.



Neither Main Street nor Albers complied with the magistrate judge's July 9, 2013 order within the stated time frame. On August 15, 2013, the Clerk of Court was directed to re-mail a copy of the order to Albers at the address shown on the affidavit of proof of service of the plaintiffs' complaint (ECF No. 17), but Albers did not respond to the order.

On September 25, 2013, the plaintiffs' counsel filed an Affidavit of Default and Non-Military Service, attesting that neither Main Street nor Albers had complied with the magistrate judge's order of July 9, 2013, and that both defendants were in default. The affidavit further averred that, upon information and belief, the defendants were not in the military service of the United States as contemplated by the Soldiers and Sailors Civil Relief Act. The plaintiffs requested entry of default against Main Street and Albers. (ECF No. 20).

The magistrate judge prepared an R&R which detailed the procedural history of this case and recommended that: (1) the defendants' purported answer (ECF No. 7) be stricken as a consequence of the defendants' failure to comply with her order of July 9, 2013; and (2) the Clerk of Court be directed to enter the defendants' default. The magistrate judge also made recommendations as to how the plaintiffs should proceed if they sought entry of judgment against the defendants. (ECF No. 23). At the conclusion of the R&R, the magistrate judge specifically advised the defendants of the procedures and requirements for filing objections to the R&R, and the serious consequences if they failed to do so. (Id.). Neither of the defendants has filed any objections, and the time for doing so has expired.

This matter is now before the Court for disposition. The magistrate judge makes only a recommendation to this Court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination



remains with the Court. Id. at 271. The Court is charged with making a de novo determination of any portions of the magistrate judge's recommendation to which a specific objection is made. 28 U.S.C. § 636(b)(1) (2006). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Mathews, 423 U.S. at 270-71; Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court "may accept, reject, or modify, in whole or in part," the R&R, "or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The failure to file specific written objections to the report and recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

After carefully reviewing the applicable law, the record in this case, and the R&R, the Court finds the magistrate judge's R&R fairly and accurately summarizes the facts and applies the correct principles of law. The Court, therefore, accepts and adopts the R&R of the magistrate judge (ECF No. 23) in its entirety. The defendants' purported answer (ECF No. 7) is ordered to be stricken due to the defendants' failure to comply with the magistrate judge's July 9, 2013 order, and the Clerk of Court is directed to enter the defendants' default.

It is further ordered that the plaintiffs advise the Court as to what is necessary for the resolution of their six claims of willful copyright infringement against the defendants. The plaintiffs shall address: (1) whether the plaintiffs continue to seek injunctive relief, pursuant to 17 U.S.C. § 502, as requested in their complaint; (2) the amount of statutory damages claimed, pursuant to 17



U.S.C. § 504(c); and (3) the amount of costs and attorneys fees sought, pursuant to 17 U.S.C. § 505. Because the damages do not appear to be liquidated, entry of judgment based on the defendants' default will require further proceedings. Therefore, it is ordered that the plaintiffs file an appropriate motion, within twenty-one (21) days of the entry of this Order, if the plaintiffs intend to seek entry of judgment against the defendants. Any such motion shall be served on the defendants, who shall be allowed fourteen (14) days from the date of service, plus three (3) days for mail time, to file a memorandum in opposition to the motion.[1]

      AND IT IS SO ORDERED.

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

October 30, 2013
Charleston, South Carolina

---

[1] As noted above, the defendant Main Street may file a response and appear only through counsel.