# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Broadcast Music, Inc.; House of Cash, Inc.; Elijah Blue Music, a division of Lighthouse, Inc.; Unichappel Music, Inc.; Fourteenth Hour Music, Inc.; Springtime Music, Inc.; Bocephus Music, Inc.; Rich Way Music, Inc.; Warner-Tamerlane Publishing Corp.; Buzzard Rock Music;** and **Songs of Universal, Inc.;** | № 2:13-cv-00706-CWH |
| Plaintiffs, | **Defendants' Rule 26(f) Report** |
| vs. | |
| **Main Street Bar & Grill, Inc. d/b/a Main Street Bar and Grill** and **George D. Albers**, individually; | |
| Defendants. | |

Without waiving their Motion to Expedite Trial (Entry 57),[1] Defendants submit the following pursuant to Fed. R. Civ. P. 26(f) and LCR 26.03:

### Defendants' Rule 26(f) Discovery Plan

**(1)     What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made?**

**RESPONSE:** Any disclosures should be made pursuant to the Pre-Scheduling Order.

---

[1] The Defendants would note that the limited number of witnesses and issues in this action, as evidenced by the 26(f) reports of the parties, further support an expedited treatment of this action.

**(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

**RESPONSE:** The Defendants have moved pursuant to LCR 16.13, 16.14, and 16.15 for an expedited trial in this matter (Entry 57). This is a straightforward copyright infringement action under a theory of vicarious infringement. Most of the factual issues can be addressed via stipulation prior to trial, and any contested issues of fact can easily be addressed at trial without the need for expensive and time-consuming discovery. The Defendants believe that Fed. R. Civ. P. 26(a) disclosures are sufficient and that in the interest of expediting trial and reducing costs of litigation, no interrogatories, requests to produce, depositions, or other discovery will be necessary. Requests to Admit would be allowed to assist in limiting the factual issues disputed at trial.

Should this Court allow for discovery, Defendants would request it be limited to the following issues:

(1) Whether George Albers is a proper individual defendant.

(2) Whether Main Street Bar and Grill, Inc., is a vicarious infringer.

(3) The Plaintiffs' alleged damages.

**(3) Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

**RESPONSE:** None at this time.

**(4) Any issues to claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert such claims after production – whether to ask the court to include their agreement in the order.**

**RESPONSE:** None at this time.

**(5)     What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

**RESPONSE:** The Defendants have moved pursuant to LCR 16.13, 16.14, and 16.15 for an expedited trial in this matter (Entry 57). The Defendants believe that Fed. R. Civ. P. 26(a) disclosures are sufficient and that in the interest of expediting trial and reducing costs of litigation, no interrogatories, requests to produce, depositions, or other discovery will be necessary. Requests to Admit would be allowed to assist in limiting the factual issues disputed at trial.

**(6)     Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

**RESPONSE:** None at this time.

### LCR 26.03 Matters

**(1)     A Short Statement of the Facts of the Case**

**RESPONSE:**   This action arises out of the alleged performance of several songs by a band ("Stoneking") at a private club operated by Defendant Main Street Bar & Grill, Inc.[2] known as "Main Street Bar and Grill". On January 18, 2013, Patrick Dowd, an agent of the Plaintiffs, entered the private club and surreptitiously (and without authorization from the club) recorded roughly two and a half hours of music played by Stoneking. Plaintiffs allege that after reviewing this recording they discovered unlicensed performances of Plaintiffs' copyrighted works, specified in their Complaint.

---

[2] Defendant George Albers is the president of Defendant Main Street Bar & Grill, Inc., and he contends he has always acted within his corporate capacity and is not liable for the acts of the band hired by the corporation.

Stoneking is not a party to this action.

**(2)** **The Names of Fact Witnesses Likely to be Called by the Party and a Brief Summary of Their Expected Testimony**

**RESPONSE:**

    a.    George Danny Albers
It is anticipated that Mr. Albers will testify about the operations of Main Street Bar and Grill and of Main Street Bar & Grill, Inc., the entity that owns the private club in question. He is also expected to testify that the club lost money on the night of January 18, 2013, and as to the club's general financial condition. He is also expected to testify that he individually does not hire musicians for the club; this is the responsibility of the corporation and its employees. He is further expected to testify that Plaintiffs' agent Patrick Dowd was trespassing on the club's property when he engaged in the unauthorized recording of the performance of the band "Stoneking". He is also expected to testify consistent with his December 16, 2013, affidavit ([Entry 36-2](#)) and his affidavit in support of his upcoming Motion for Summary Judgment.

    b.    James Harpo
It is anticipated that Mr. Harpo will testify about the club's general financial condition, and possibly on other topics similar to Mr. Albers.

    c.    Rich Stoneking
Mr. Stoneking is expected to testify regarding his band's performance on January 18, 2013.

**(3)** **The Names and Subject Matter of Expert Witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered)**

**RESPONSE:** Neither party has retained an expert as of the date of this report.

**(4)** **A Summary of the Claims or Defenses of Statutory and/or Case Citations Supporting the Same**

**RESPONSE:**

a. First Defense (Failure to State a Claim): Fed. R. Civ. P. 12(b)(6); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1937, 167 L.Ed.2d 929 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

b. Second Defense (Failure to Join an Indispensible Party): Fed R. Civ. P. 12(b)(7).

c. Third Defense (Unclean Hands, Trespassing, Illegal Conduct): Buchanan Home & Auto Supply Co. v. Firestone Tire & Rubber Co., 544 F. Supp. 242 (D.S.C. 1981); Tempo Music, Music, Inc. v. Myers, 407 F.2d 503 (4th Cir. 1969); Hedgepath v. Am. Tel. Tel. Co., 348 S.C. 340, 559 S.E.2d 327 (Ct.App.2001); Silas v. Bowen, 277 F.Supp. 314 (D.S.C. 1967); 17 U.S.C. § 506.

d. Fourth Defense (Innocent Infringement): 17 U.S.C. § 504(c)(2).

e. Fifth Defense (Statute of Limitations): 17 U.S.C. § 507.

f. Sixth Defense (Unconstitutionally Large Damages): U.S.Const. amends. V, VIII, XIV; BMW of North America, Inc. v. Gore, 517 U.S. 559, 568 (1996).

g. Seventh Defense (Corporate Form): Polygram Intern. Pub. Inc. v. Nevada/TIG, Inc., 855 F.Supp. 1314, 1322 (D. Mass 1994); Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005); Sturkie v. Sifly, 280 S.C. 453, 457, 313 S.E.2d 316, 318 (Ct. App. 1984).

**(5)    Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.):**

**(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.**

**(b) Completion of discovery.**

**RESPONSE:** As to (a), it appears no expert witnesses will be offered by either side. As to (b), Defendants request no discovery outside of 26(a)(1) disclosures and possibly Requests to Admit. To the extent these constitute discovery, Defendants would ask that this deadline fall 30 days before trial, which the Defendants would request as soon as possible.

**(6)     Special Circumstances Which Would Affect the Time Frames Applied in Preparing the Scheduling Order**

**RESPONSE:**     The pending Motion to Expedite Trial (Entry 57).

**(7)     The Parties Shall Provide Any Additional Information Requested in the Pre-Scheduling Order Local Civil Rule 16.01 or Otherwise Requested by the Assigned Judge**

**RESPONSE:**     None at this time.


Dated: 26 September 2014                /s/ Jason Scott Luck
                                        Christine Companion Varnado (#6008)
                                        cvarnado@seibelsfirm.com
                                        Jason Scott Luck (#9696)
                                        jluck@seibelsfirm.com
                                        SEIBELS LAW FIRM, P.A.
                                        127 King Street, Suite 100
                                        Charleston, SC 29401
                                        843.722.6777 (phone)
                                        843.722.6781 (telefax)
                                        **Attorneys for Defendants**